In the Matter of DAVID JOHNSON, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—Proceeding pursuant to CPLR article 78 to review respondents' determination dated May 24, 1978, which, after a hearing, found petitioner guilty of certain misconduct and dismissed him from his position as a police officer. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Since his appointment as a transit authority police officer in 1972, petitioner had been given three cautions, seven departmental hearings (the last resulting in a final warning against attendance rule violations) and three trial board hearings. With respect to the instant proceeding, petitioner was served with a notice of charges alleging (1) that on December 3, 1977 he was absent from his post without proper authority and was sleeping on duty, and (2) that on March 24, 1978 he was absent from his post. These charges were amply supported by substantial evidence, which included the testimony of four transit police officers and petitioner's own signed statement and hearing testimony (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). In determining the sanction to be imposed, the respondents properly took into account petitioner's prior disciplinary record (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 240). We have also considered the nature of petitioner's employment, and note that a sanction which would otherwise be considered disproportionate or excessive may not be in this case "because of the serious effect on the fulfillment of important public responsibilities that may flow from ineffective police discipline" *(Matter of O'Connor v Frank,* 38 NY2d 963, 964). We find that the punishment imposed, dismissal, was not " ' "So disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" ' " *(Matter of Pell v Board of Educ,* 34 NY2d 222, 233, *supra).* Titone, J. P., Gibbons, Gulotta and Martuscello, JJ., concur.